LAWRENCE G. BROWN
Acting United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2720

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA O. EASTERLY,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE ARMY; and PETE GEREN, Secretary of the Army, Does 1-50,<br><br>    Defendants. | Case No. 2:08-cv-03038 JAM DAD PS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**Date:** September 11, 2009<br>**Time:** 10:00 a.m.<br>**Courtroom:** 27, 8th Floor<br>**Judge:** Hon. Dale A. Drozd |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1
II. BACKGROUND FACTS .......................................................................................2
    A. Allegations Of Race Discrimination And Harassment ............................................ 2
    B. Alleged Retaliatory Transfer..................................................................................... 2
III. STANDARDS FOR MOTION TO DISMISS UNDER 12(b)(6).......................................3
IV. ARGUMENT..........................................................................................................4
    A. The Only Proper Defendant Is The Secretary In His Official Capacity. ................... 4
    B. Plaintiff Fails To State A Discrimination/Hostile Work Environment Claim........... 4
        1. The Use of an Alleged Racial Slur is Not an Actionable Personnel Action..................................................................................4
        2. Plaintiff Cannot State A Hostile Work Environment Claim........................5
    C. Plaintiff's Claim That Her Transfer Was Retaliatory Is Non-Justiciable. ................. 8
V. CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal*,
    ___ U.S. ___, 129 S. Ct. 1937 (2009) ............................................................................... 3

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983) .................................................................................................... 3

*Balistreri v. Pacifica Police Dept*,
    901 F.2d 696 (9th Cir. 1988) ....................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 3

*Brooks v. City of San Mateo*,
    229 F.3d 917 (9th Cir. 2000) ....................................................................................... 5

*Chappell v. Wallace*,
    462 U.S. 296 (1983) .................................................................................................. 10

*Christoffersen v. Wash. State Air Natl Guard*,
    855 F.2d 1437 (9th Cir. 1988) ................................................................................ 9, 10

*Cooper v. USPS*,
    740 F.2d 714 (9th Cir. 1984) ....................................................................................... 4

*Ellison v. Brady*,
    924 F.2d 872 (9th Cir. 1991) ....................................................................................... 7

*Ewing v. Nat'l Guard Bureau*,
    2007 U.S. Dist. LEXIS 84120 (E.D. Cal. November 14, 2007) ............................... 10

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998) ................................................................................................ 6, 7

*Godwin v. Hunt Wesson, Inc.*,
    150 F.3d 1217 (9th Cir. 1998) ..................................................................................... 5

*Gonzalez v. Dept of Army*,
    718 F.2d 926 (9th Cir. 1983) ....................................................................................... 8

*Harris v. Forklift Systems, Inc.*,
    510 U.S. 17 (1993) ...................................................................................................... 6

*Hodge v. Dalton*,
    107 F.3d 705 (9th Cir. 1997) ....................................................................................... 8

*Kang v. U. Lim America*,
    296 F.3d 810 (9th Cir. 2002) ....................................................................................... 5

*Khalsa v. Weinberger*,
    779 F.2d 1393 (9th Cir. 1985) ..................................................................................... 9

*Kortan v. California Youth Authority*,
    217 F.3d 1104 (9th Cir. 2000) .................................................................................. 6, 8

# **TABLE OF AUTHORITIES**

**Page**

*Little v. Windermere Relocation, Inc.*,
    301 F.3d 958 (9th Cir. 2002) ..................................................................................5

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002) ..................................................................................10

*Manatt v. Bank of America*,
    339 F.3d 792 (9th Cir. 2003) ...............................................................................5, 6

*Meritor Sav. Bank, FSB v. Vinson*,
    477 U.S. 57 (1986) ..................................................................................................7

*Merrick v. Farmers Ins. Group*,
    892 F.2d 1434 (9th Cir. 1990) ................................................................................7

*Mier v. Owens*,
    57 F.3d 747 (9th Cir. 1995) .........................................................................8, 9, 10

*Mindes v. Seaman*,
    453 F.2d 197 (5th Cir. 1971) .............................................................................9, 10

*Parks Sch. of Bus., Inc. v. Symington*,
    51 F.3d 1480 (9th Cir. 1995) ..................................................................................3

*Sanchez v. City of Santa Ana*,
    936 F.2d 1027 (9th Cir. 1990) ................................................................................8

*Sanders v. Brown*,
    504 F.3d 903 (9th Cir. 2007) ..................................................................................3

*Sebra v. Neville*,
    801 F.2d 1135 (9th Cir. 1986) ...........................................................................9, 10

*Smith v. County of Humboldt*,
    240 F. Supp. 2d 1109 (N.D. Cal. 2003) ..................................................................8

*Vasquez v. County of Los Angeles*,
    349 F.3d at 642 ...............................................................................................5, 6, 8

*Weber v. Dept. of Veterans Affairs*,
    512 F.3d 1178 (9th Cir. 2008) ................................................................................3

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ..................................................................................3

## **FEDERAL STATUTES**

32 U.S.C. § 709 ..................................................................................................................8

32 U.S.C. § 709(e)(1) .........................................................................................................9

42 U.S.C. § 2000e ..............................................................................................................1

# TABLE OF AUTHORITIES

**Page**

**FEDERAL STATUTES (Continued)**

42 U.S.C. § 2000e-16(c) ...........................................................................................................1

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

**DOCKETED CASES**

*Easterly v. Geren*,
Case No. 2:07-cv-01259 ............................................................................................................1

# I.

# **INTRODUCTION**

Plaintiff Joanna O. Easterly filed her Complaint for Racial Discrimination and Harassment Based On Retaliation on December 15, 2008.[1] In the complaint, plaintiff alleges that the United States Department of the Army ("Army"), the Secretary of the Army, Pete Geren, ("Secretary"), and various unnamed doe defendants, violated the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Specifically, she claims that the Army subjected her to disparate treatment and a hostile work environment based upon her race and her prior protected activity in violation of Title VII based on: (1) comments made by her supervisor, including on November 4, 2005, when Easterly's supervisor used the term "nigger toe" to refer to the supervisor's own broken toe; and (2) being transferred by her supervisor to another work section on December 14, 2005.

The Army and the unnamed doe defendants should be dismissed from the case with prejudice because the Secretary is the only proper defendant in this Title VII case.

Plaintiff's complaint fails to state a claim of racial disparate treatment and hostile work environment upon which relief can be granted. Among other things, comments by plaintiff's supervisor do not constitute an adverse employment action and, therefore, plaintiff fails to state a claim of disparate treatment under Title VII. Moreover, plaintiff does not claim that the alleged incidents were sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. Thus, the complaint fails to state a hostile work environment claim.

Plaintiff's retaliation claim regarding her transfer to another section of the California National Guard should be dismissed as non-justiciable because the intrinsically military nature of her position as a California National Guard military technician precludes this Court from reviewing the personnel action.

Accordingly, the Court should dismiss plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

///

---

[1] This case is related to *Easterly v. Geren*, Case No. 2:07-cv-01259 JAM DAD PS, in which plaintiff alleges claims of disability and sex discrimination. *See* Related Case Order [Docket No. 7].

Memorandum In Support of
Defendants' Motion to Dismiss

1

## II.

## BACKGROUND FACTS

### A. Allegations Of Race Discrimination And Harassment

In Count 1, plaintiff alleges that she was employed in the Command Section of the California National Guard in November 2005. Complaint at 3:11-15. Her immediate supervisor was Lieutenant Colonel (LTC) Sonja Banowetz. *Id.* at 3:15-16. Plaintiff alleges that, on November 4, 2005, LTC Banowetz referred to her own blackened broken toe as a "nigger toe." *Id.* at 3:26-4:2. Plaintiff concedes that LTC Banowetz told her that the term "nigger toe" was how her family referred to a Brazil nut. *Id.* at 5:10-12. Plaintiff does not allege that LTC Banowetz directed the statement toward her, but merely contends that LTC Banowetz made the statement in plaintiff's presence. *See id.* at 3:26-4:2.

Plaintiff also alleges that LTC Banowetz "often referred to other African American personnel as [plaintiff's] 'uncle', 'brother', 'sister', or 'you people'" and that LTC Banowetz referred to "Katrina victims" as plaintiff's family. *Id.* at 4:21-28. The complaint does not specify when these statements allegedly were made. *See id.*

Finally, plaintiff alleges that "[a]t an off site Christmas party, when Plaintiff entered the party, at the top of her voice, LTC Banowetz commented, 'hide all sharp objects a criminal just walked in'" purportedly referring to plaintiff. *Id.* at 5:1-5

### B. Alleged Retaliatory Transfer

In Count 2 of the complaint, plaintiff alleges that, in retaliation for complaining to the Equal Opportunity Employment ("EEO") office, LTC Banowetz transferred plaintiff to another command section in December 2005. *See* Complaint, ¶ 10. Plaintiff was told that she would be transferred because LTC Banowetz needed someone to come in from 8:00 a.m. to 5:00 p.m. (plaintiff's regular hours were 7:00 a.m. to 3:30 p.m.) and that the reassignment was due to plaintiff's lack of a security clearance and a reorganization of the General's staff. *Id.* at 7:11-15, 7:27-4.

///

///

///

///

# III.

## STANDARDS FOR MOTION TO DISMISS UNDER 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dept. of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly* at 556). A complaint also must contain allegations giving defendants "fair notice of what the ... claim is and the grounds upon which it rests." *Id*. at 1961 (quoting *Twombly* at 555).

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988). The complaint must be construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the Court need not accept as true conclusory allegations, legal characterizations or unreasonable inferences. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* at 555); *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("Conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss"); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, the Court need not assume that the plaintiff can prove facts different from those alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

///

///

///

# IV.

# ARGUMENT

**A.** <u>**The Only Proper Defendant Is The Secretary In His Official Capacity**</u>.

In her complaint, plaintiff names as defendants both the Army and the Secretary. However, the only proper defendant under Title VII is the Secretary and, then, only in his official capacity. Section 717(c) of Title VII allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). *See Cooper v. USPS*, 740 F.2d 714, 715 (9th Cir. 1984) (affirming dismissal of Title VII complaint where plaintiff did not sue head of the agency). Accordingly, the Court should dismiss the Army from this lawsuit, leaving the Secretary as the only proper defendant.[2]

**B.** <u>**Plaintiff Fails To State A Discrimination/Hostile Work Environment Claim**</u>.

Plaintiff's allegation that LTC Banowetz made "offensive racial comments" to "other African American personnel" by referring to them as plaintiff's "uncle," "brother," "sister," or "you people" is simply too vague to state a plausible claim of discrimination or hostile work environment under Title VII and does not contain sufficient facts to put the Secretary on fair notice of what her claim is and the grounds upon which it rests. *Iqbal*, 129 S. Ct. at 1949, 1961. Among other details, this allegation does not specify when these statements were allegedly made or to whom they were directed. Therefore, it is not possible to analyze whether these alleged statements are actionable. Accordingly, any claim based on this allegation of the complaint should be dismissed. Even if the allegation is sufficient under *Iqbal*, however, the Court should dismiss Count 1 of the complaint because it fails to state a claim upon which relief can be granted.

    **1.** <u>**The Use of an Alleged Racial Slur is Not an Actionable Personnel Action**</u>.

To show disparate treatment based on race under Title VII, plaintiff must first establish a prima facie case of discrimination by showing that: (1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she suffered an adverse

---

[2] The Court also should dismiss the unnamed doe defendants because, as a general rule, the use of doe defendants in federal court is disfavored and because plaintiff has not timely served them within 120 days of filing the amended complaint as required by Rule 4(m).

Memorandum In Support of
Defendants' Motion to Dismiss

4

employment action; and (4) other employees with qualifications similar to her own were treated more favorably. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Plaintiff's assertions that her supervisor made an insensitive statement in her presence on November 4, 2005, and referred to her as a "criminal" at an office party (which term is not a racial slur in any event, but more akin to name-calling or teasing) do not satisfy these requirements. Indeed, the complaint does not contain any allegation that plaintiff was performing according to her employer's legitimate expectations or that others were treated more favorably. Nor does plaintiff allege that she suffered an adverse employment action as the result of LTC Banowetz's statements.

The Ninth Circuit has explained that an alleged adverse employment action must be evaluated objectively: "[T]he working environment must be both subjectively and objectively perceived as abusive." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citation omitted). Furthermore, an employee must suffer a "final or lasting" adverse action in order to establish a prima facie case of discrimination. *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) (actions which do not affect the compensation, terms or conditions of employment do not meet the standard of an adverse personnel action).

In this case, plaintiff does not and cannot allege that any of her supervisor's alleged comments had a material effect on the terms or conditions of her employment or that the statements constituted an adverse personnel action. Therefore, plaintiff fails to state a claim of Title VII racial disparate treatment, and her claim must be dismissed.

### 2. Plaintiff Cannot State A Hostile Work Environment Claim.

To establish a prima facie hostile work environment based upon her race, plaintiff must allege that the offending conduct: (1) was unwelcome; (2) was based upon her protected characteristics; (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment; and (4) was imputable to her employer. *See Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003); *Kang v. U. Lim America*, 296 F.3d 810, 817 (9th Cir. 2002). Plaintiff must show that her work environment was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of

Memorandum In Support of
Defendants' Motion to Dismiss

5

[her] employment and create an abusive environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Conduct that is not "severe or pervasive enough to create an objectively hostile or abusive environment" from the perspective of a reasonable person is beyond Title VII's purview and is not actionable. *Id.*

The Supreme Court has stated that, "[w]e have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *see also Kortan v. California Youth Authority*, 217 F.3d 1104, 1110 (9th Cir. 2000). Significantly, the Supreme Court has noted that these demanding standards for assessing allegations of hostile work environment were created to ensure that Title VII does not become a "general civility code." *Faragher*, 524 U.S. at 788. Occasional or isolated incidents are not actionable; a plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature. *Id.* at 787 n.1 (violations "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive") (citation omitted).

The factors courts consider in determining whether conduct is severe and pervasive include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23; *Vasquez*, 349 F.3d at 642. Thus, "ordinary tribulations of the workplace, such as the sporadic use of abusive language, [protected class]-related jokes, and occasional teasing" do not constitute harassment. *Faragher*, 524 U.S. at 788.

### a) Frequency of Conduct.

Isolated or sporadic conduct is not sufficiently severe and pervasive to alter the conditions of employment. *See, e.g., Vasquez,* 349 F.3d at 642 (two instances of racial comments more than six months apart were not severe or pervasive enough to state a hostile work environment claim); *Manatt*, 339 F.3d at 798 (few isolated incidents, while offensive, were not pervasive enough to change conditions of employment; actions generally fell into category of "simple teasing" and "offhand comments"); *Kortan,* 217 F.3d at 1110 (isolated name-calling incidents were not sufficient for hostile work environment where infrequent comments were merely offensive).

///

In this case, plaintiff alleges only two specific incidents: the alleged racial slur by LTC Banowetz in her presence on November 4, 2005 and the name-calling by LTC Banowetz at the office holiday party. These allegations are the very definition of isolated and infrequent. Therefore, plaintiff has not alleged facts sufficient to state a hostile work environment claim.

### b) **Severity of the Conduct**

The "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee is not, by itself, actionable under Title VII." *Ellison v. Brady*, 924 F.2d 872, 876 (9th Cir. 1991) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438-9 (9th Cir. 1990) (stray remark of arguably discriminatory nature is insufficient to establish discrimination). The "ordinary tribulations of the workplace" may include the sporadic use of abusive language, race-related jokes, and occasional teasing. *Faragher*, 524 U.S. at 788. Simple teasing, off-hand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *Id*.

Plaintiff's complaint does not allege the requisite severe conduct. Rather, the alleged conduct is more aptly characterized as simple teasing, off-hand comments and isolated incidents, which are not actionable under Title VII. *Faragher*, 524 U.S. at 788.

### c) **Physically Threatening or Humiliating**

Nowhere in the complaint does plaintiff allege physical threats or intimidation. Plaintiff does not even allege that the "nigger toe" comment was directed at her. Although plaintiff alleges that she was offended by LTC Banowetz's remarks, she does not allege anywhere that she was physically threatened, intimidated or humiliated by them.

### d) **Unreasonable Interference with Plaintiff's Performance**

Finally, plaintiff does not allege that the incidents unreasonably interfered with her job performance. Indeed, the conduct alleged by plaintiff falls far short of that required to establish interference with her work environment. In cases alleging far more serious conduct, the Ninth Circuit has held that there nevertheless was no hostile work environment. *See, e.g., Vasquez*, 349 F.3d at 643 (no hostile environment even though continual false complaints were made against plaintiff, he was yelled at in front of others, and he was told that he had "a typical Hispanic macho

attitude" and that he should work in the field because "Hispanics do good in the field"); *Kortan*, 217 F.3d 1104 (no hostile work environment where supervisor called female employees "castrating bitches," "Madonnas," or "Regina" on several occasions; called the plaintiff "Medea"; and plaintiff received letters at home from supervisor); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1036 (9th Cir. 1990) (no hostile work environment as a matter of law where employer allegedly posted a racial cartoon, made racial slurs, targeted Latinos for punishment, provided unsafe vehicles for Latinos to drive, did not provide adequate police backup to Latino officers, and keep illegal personnel files on Latinos); *see also, e.g., Smith v. County of Humboldt*, 240 F. Supp. 2d 1109, 1113, 1118 (N.D. Cal. 2003) (although plaintiff claimed a co-worker pushed her head, brushed up against her in the bathroom, hit her cheekbone, tried to sit next to her, touched her, and hit her shoulder during a ten-day period, such incidents do not rise to the severe or pervasive level). In each of these cases, the plaintiff complained about unwelcome actions that were offensive, but the courts found there was no liability because the alleged conduct was not sufficiently severe or pervasive to constitute a hostile work environment. When compared to these cases in which the plaintiffs alleged more severe conduct, yet the Ninth Circuit found no hostile work environment, plaintiff simply cannot establish that the isolated instances of conduct alleged in the complaint created a hostile work environment actionable under Title VII.

**C.       Plaintiff's Claim That Her Transfer Was Retaliatory Is Non-Justiciable.**

This Court should dismiss plaintiff's claim that her transfer out of the Command Section in December 2005 was the result of retaliation, because transfers are integrally related to the military's unique structure and, thus, are not reviewable. The Ninth Circuit has held that Title VII's protections do not apply to enlisted members of the armed forces, but do apply to civilian employees of the military departments. *See Mier v. Owens*, 57 F.3d 747, 749 (9th Cir. 1995) (citing *Gonzalez v. Dept of Army*, 718 F.2d 926, 928 (9th Cir. 1983)); *see also Hodge v. Dalton*, 107 F.3d 705, 708 (9th Cir. 1997) (citing cases). Plaintiff was a National Guard Military Technician – a hybrid military and civilian position. The National Guard Military Technicians Act, 32 U.S.C. § 709, establishes military technicians with dual status: a military technician is required to maintain National Guard membership as a prerequisite for his or her civilian technician position. 32 U.S.C. § 709(e)(1).

The Ninth Circuit has adopted a multi-factored test for determining whether claims brought by National Guard members, like plaintiff, are judicially reviewable. *See Christoffersen v. Wash. State Air Natl Guard*, 855 F.2d 1437, 1441 (9th Cir. 1988) (citing *Sebra v. Neville*, 801 F.2d 1135, 1141 (9th Cir. 1986) (adopting the test of *Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971)). Under this analysis:

> [A]n internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, the trial court must weigh four factors to determine whether review should be granted:
>
> (1)  The nature and strength of the plaintiff's claim . . .
>
> (2)  The potential injury to the plaintiff if review is refused.
>
> (3)  The extent of interference with military functions.
>
> (4)  The extent to which military discretion or expertise is involved.

*Christoffersen*, 855 F.2d at 1442 (quoting *Khalsa v. Weinberger*, 779 F.2d 1393, 1398 (9th Cir. 1985)). This analysis is commonly referred to as the *Mindes* test.

The complaint fails to satisfy the first prong of the *Mindes* test because, while it alleges violation of constitutional rights and a federal statute, it does not anywhere allege that plaintiff has exhausted available intraservice remedies. At best, the complaint suggests the filing of a complaint with the EEOC (*See, e.g.,* Complaint, ¶ 10), but it does not specify where or when she did so, or the outcome of that complaint. The complaint does not allege exhaustion of intraservice remedies as required. Thus, the transfer decision complained of is not reviewable, and the Court need not proceed with analysis of the four *Mindes* factors.

Even if plaintiff were to attempt to further amend her complaint to allege exhaustion of intraservice remedies to cure this defect, however, her claim nevertheless is unreviewable to the extent that the act that she complains of is integrally related to the military's unique structure. *See Mier*, 57 F.3d at 748 (holding that National Guard technicians can maintain a Title VII action "except when they challenge personnel actions integrally related to the military's unique structure."). "Courts have declined to review a variety of employment actions involving military personnel

because, in the military, overriding demands of discipline and duty prevail, demands which do not have a counterpart in civilian life." *Id*. at 749 (quoting *Chappell v. Wallace*, 462 U.S. 296, 300 (1983)).

Plaintiff alleges that she was transferred to another section in the Command Unit in December 2005. *See* Complaint, ¶ 10. The transfer is precisely type of action that should be dismissed as nonreviewable under *Mindes*.[3] *See Sebra v. Neville*, 801 F.2d 1135, 1142 (9th Cir. 1986) (finding a National Guard technicians challenge nonjusticiable because "transfer decisions go to the core of deployment of troops and overall strategies of preparedness"); *see also Luckett v. Bure*, 290 F.3d 493, 498 (2d Cir. 2002) (finding that transfer of military technician that resulted in loss of associated civil position was nonjusticiable).

Moreover, the Secretary submits that the third and fourth *Mindes* factors would substantially outweigh the strength of any such claims, and any potential injury to plaintiff, because all of these acts are integrally related to the military's unique structure. Accordingly, the Court should decline to review this employment action, and "give great deference to the professional judgment of military authorities" regarding these matters. *See Ewing v. Nat'l Guard Bureau*, 2007 U.S. Dist. LEXIS 84120, *11 (E.D. Cal. November 14, 2007) (citing *Christoffersen*, 855 F.2d at 1445).

## V.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff's complaint should be dismissed in its entirety.

DATED: July 20, 2009             LAWRENCE G. BROWN
Acting United States Attorney

By: */s/ Lynn Trinka Ernce*
LYNN TRINKA ERNCE
Assistant United States Attorney

---

[3] This Court dismissed similar transfer claims by plaintiff in her related case. There, plaintiff alleged she was subject to retaliation when she was transferred to another section on October 1, 2004. Plaintiff's transfer claim in that case was dismissed as non-justiciable. Easterly I, Docket No. 21 (Findings and Recommendation) at 12-14; Docket No. 26, Order on Findings and Recommendations at 2 (dismissing all transfer claims with prejudice).

Memorandum In Support of Defendants' Motion to Dismiss      10